JUSTICE NELSON
specially concurs.
¶44 I concur in our discussion and resolution of Issue 2. As to Issue 1,1 concur in the result, and I also concur in the “balancing” approach which the Court takes in resolving this issue in this case.
*288 ¶45 Having said that, I also agree with the observation of the dissent. The plain language of § 2-9-303(2), MCA, precludes the very sort of balancing that the trial court and this Court use to resolve Issue 1. The statutory language is mandatory. All settlements with the State are public documents. End of story. There is no ability under this statute, as presently written, for judicial balancing of the constitutional right of individual privacy guaranteed under Article II, Section 10, and the public’s right to know guaranteed under Article II, Section 9, — keeping in mind that the one constitutional limitation of the public’s right to know is a demonstrated overarching right of individual privacy in the documents or deliberations for which access or disclosure are sought.
¶46 I part company with the dissenting Justices, however, in their conclusion that this case should be resolved on the basis of their constitutional argument. While the dissent makes the argument that Pengra should have made, the fact of the matter is that was not Pengra’s argument to the trial court nor was that his argument on appeal.
¶47 In fact, a review of the record and Pengra’s briefs on appeal show that he argued for the balancing approach which this Court uses to resolve Issue 1 — albeit that he argued for the opposite result than the one we reach. It is not until page 5 of his 8-page reply brief that Pengra raises the argument that § 2-9-303(2), MCA, may be unconstitutional. Even then, the two sentences he devotes to this raise an “as applied” challenge, rather than the “facial” challenge which, as the dissent correctly points out, is the true problem. Specifically, Pengra states that he is “not asking the Court to insert any provision into MONT. CODE ANN. § 2-9-303(2). Rather, they are requesting this Court to rule that the law is unconstitutional as applied to the facts and circumstances of this case.”
¶48 In summary, I concur in the balancing approach and disposition of Issue 1 because that was the way it was presented and argued to the trial court and to this Court by Pengra. As to whether § 2-9-303(2), MCA, is facially unconstitutional as presently written, that will have to be addressed in a future challenge, absent the Legislature amending the statute to allow the sort of balancing of Article II, Section 9, and Article II, Section 10 rights that, in my view, the Constitution clearly requires.
¶49 On this basis I concur with the Court’s opinion.
JUSTICE REGNIER concurs in the foregoing special concurrence.